UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kallys Albert, Sr., | Civil No. 08-5801 |
| | (JNE/FLN) |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Rapid Recovery, Inc., *et al.*. | |
| Defendants. | |

---

Kallys Albert, Sr., *pro se*, for Plaintiff.
Michael E. Obermueller for Defendant Rapid Recovery, Inc.
Daniel E. Hintz for Defendants Franklin Student Housing Cooperative, Inc.
and Riverton Community Housing, Inc.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 24, 2008, on Plaintiff's Motion for Remand [#5], Defendant's Motion for a More Definite Statement [#2], and Plaintiff's Motion to Deny and Strike Motion for More Definite Statement [#7]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Plaintiff's Motion for Remand [#5] be **GRANTED**, and orders that Defendant's Motion for a More Definite Statement [#2] be **DENIED as moot**, and that Plaintiff's Motion to Deny and Strike Motion for More Definite Statement [#7] be **DENIED as moot**.

### I. FINDINGS OF FACT

Since 2005, Plaintiff Kallys Albert, Sr. has been member of the Franklin Student Housing Cooperative, Inc. (hereinafter "Franklin Housing"), a non-profit organization. (Compl. ¶ 3.) Franklin Housing, according to Plaintiff, claims that it uses its status as a cooperative housing

organization to pass along lower rents to its occupants. (Compl. ¶¶19, 31.) The Plaintiff alleges that Franklin Housing's claims about lower rents are fraudulent, and Plaintiff also disagrees with Franklin Housing's definition of his status within the cooperative as a "homeowner-member" instead of a tenant. (Compl. ¶¶ 19, 30-33.) This distinction is important because if Plaintiff had tenant status, he allegedly would not have to pay certain utility bills, like bills for gas and electricity, and he would potentially receive a tax rebate based on his rent – an annual rent rebate. (Compl. ¶¶ 8, 19.)

Plaintiff's complaint alleges that Franklin Housing has 1) engaged in deceptive practices by courting tenants with claims that it provides lower rents when it actually deprives occupants of rent rebates; and 2) created confusion and misunderstanding by misrepresenting Plaintiff and others to be "homeowner members" instead of tenants and by charging homeowner-members for parking. (Compl. ¶¶ 8,12,14,19.) Plaintiff further alleges that when he complained to Franklin Housing about his status definition as a "homeowner member," Franklin Housing retaliated against him in a manner that constituted a pattern and practice of harassment, including: 1) unlawfully and repeatedly towing his cars by conspiring with towing company and Defendant Rapid Recovery, Inc.; 2) threatening eviction and/or other legal action for Plaintiff's failure to pay water, gas, heat, and sewer charges; 3) excluding Plaintiff's son from cooperative-organized activities and common areas; and 4) seizing Plaintiff's son's soccer ball for several days. (Compl. ¶¶ 12,15, 21, 30-35.) Additionally, Plaintiff alleges that Franklin Housing failed to maintain secure, clean conditions in Plaintiff's apartment and the building's parking lot despite representations that it would do so. (Compl. ¶¶ 38-40.)

Plaintiff also alleges that Defendant Rapid Recovery, Inc. damaged his vehicles while the vehicles were in Rapid Recovery's custody and that Rapid Recovery created atypical hardship to Plaintiff by refusing to accept payment of the towing fee by methods other than cash, Visa, or

Mastercard. (Compl. ¶ 15,16.) Plaintiff seeks relief under a number of Minnesota statutes and three federal statutes. (Compl. Counts 1-7 and "Relief Requested" section.)

## II. STANDARD OF REVIEW

The U.S. Supreme Court has recognized that federal courts have the power to decide certain state law claims involved in cases raising federal questions. *Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *St. John v. Int'l Assoc. of Machinists and Aerospace Workers*, 139 F.3d 1214, 1216-17 (8th Cir. 1998). More specifically, a federal court has jurisdiction over an entire action, including state law claims, whenever the federal claims and state claims "derive from a common nucleus of operative fact" and are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725 (1966); 28 U.S.C.A. § 1367(a) (2008). Thus, the federal claims act as a "crutch" to bring the state law claims into the supplemental jurisdiction of the federal court. Cmt. to 28 U.S.C. § 1367.

Under 28 U.S.C. §1441(a), a defendant in a federal lawsuit may remove the entirety of a civil action brought in a state court to a district court of the United States embracing the place where such action is pending. 28 U.S.C. § 1441(a); *Cohill*, 484 U.S. at 345-46; *St. John*, 139 F.3d at 1216-17. However, after a case has been removed to a federal court, the court may decline to exercise supplemental jurisdiction over the associated state law claims in certain circumstances. 28 U.S.C. §1367(c); *St. John*, 139 F.3d at 1216-17. One such circumstance occurs when "the district court has dismissed all claims over which it has original jurisdiction," and only state law claims remain. 28 U.S.C. § 1367(c)(3); *St. John*, 139 F.3d at 1216-17. In this situation, the court may remand the non-removable state law claims to state court. *Id.*

## III. LEGAL ANALYSIS

3

**A. The Court's Power to *Sua Sponte* Dismiss A Complaint For Failure to State a Claim**

The first issue is the adequacy of Plaintiff's federal claims. District courts have the power to *sua sponte* dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) as long as the dismissal does not precede service of process. *Smith v. Boyd*, 945 F.2d 1041, 1042-43 (8th Cir. 1991); *see also Olson v. Williams*, 127 Fed. Appx. 908 (8th Cir. 2005); 5 B. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (2008). Here, the Plaintiff conducted service of process for the state court complaint on October 1, 2008, and Defendant Rapid Recovery's service of process for the removal notice took place October 21, 2008. Therefore, since service of process has already occurred, if Plaintiff's allegations invoking federal law fail to state a claim under the 12(b)(6) standard, the Court has the power to *sua sponte* dismiss the federal claims and remand the case to state court for adjudication of Plaintiff's state law claims. *Id; St. John*, 139 F.3d at 1216-17. The federal claims are analyzed below.

**B. Analysis of Plaintiff's Federal Claims under Rule 12(b)(6)**

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not

merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (U.S. 2007)**.**

### 1. Plaintiff's §1981 Discrimination Claim

Plaintiff's complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) with respect to his federal claims under 42 U.S.C.A. §1981 (2008). § 1981 redresses discrimination based on race, alienage, ancestry, or ethnic characteristics. *Weseman v. Meeker County*, 659 F.Supp. 1571, 1575 (D. Minn. 1987) ("Plaintiffs have made no allegations of discrimination based on race, alienage, ancestry, or ethnic characteristics, nor have they presented to the Court any evidence indicating such discrimination. Therefore, their cause under 42 U.S.C. § 1981 must fail."); *see also Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839-40 (8th Cir. 2004). Here, similar to the plaintiffs in *Weseman*, Plaintiff has made no allegations of discrimination based on race, alienage, ancestry, or ethnic characteristics. Plaintiff has made allegations of retaliation, but alleges that this retaliation was based on his complaints about the policies enforced by Defendants Franklin Student Housing Cooperative and Riverton Community Housing, not based on Plaintiff's race or ethnicity. Therefore, taking Plaintiff's allegations to be true and affording Plaintiff all reasonable inferences from the facts alleged, Plaintiff fails to state a claim for discrimination under § 1981.

### 2. Plaintiff's Claims under the Internal Revenue Code

Plaintiff's complaint fails to state a claim upon which relief can be granted under Rule

12(b)(6) with respect to his federal claims under Internal Revenue Code § 216. This section is entitled, "Deduction of taxes, interest, and business depreciation by cooperative housing corporation tenant-stockholder," and outlines the circumstances in which a tenant-stockholder in a cooperative housing corporation can take a tax deduction. 26 U.S.C.A. § 216 (a). It is significant for the purposes of this action that § 216 does not include a private right of action against the Government or the individual; it simply provides for and regulates tax deductions for tenant-stockholders in a cooperative housing. 26 U.S.C.A. § 216. Therefore, taking Plaintiff's allegations to be true and affording Plaintiff all reasonable inferences from the facts alleged, Plaintiff's complaint fails to state a claim under § 216.

### 3. Plaintiff's RICO Claims

Plaintiff's complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) with respect to his federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO.") 18 U.S.C.A. §§ 1961-1964 (2008). Plaintiff's allegations fall entirely outside the scope of RICO, which outlaws conduct concerning racketeering activity (*e.g.*, any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical) and unlawful debts (*e.g.*, debts connected to unlawful gambling activities.). *Id.*; 18 U.S.C.A. § 1961 subds. 1, 6. The facts alleged in the complaint – even under a broad reading of the complaint – do not state a claim under RICO upon which relief can be granted, and therefore the RICO claim must be dismissed.

### C. Discretion to Decline Supplemental Jurisdiction

Now that Plaintiff's federal claims have been disposed of under Rule 12(b)(6) (see xxxx infra), the final question is whether the Court may decline to exercise supplemental jurisdiction over

the associated state law claims that remain.  Under 28 U.S.C.A. § 1367 (2008), in any civil action of which the district courts have original jurisdiction, the courts shall have supplemental jurisdiction over state law claims that are so related to the federal claims in the action that the associated state law claims form part of the same case or controversy under Article III of the U.S. Constitution. 28 U.S.C.A. §1367(a).  Under § 1367(c)(3), however, district courts may decline to exercise supplemental jurisdiction over a claim falling within the rubric of §1367(a) if the district court has dismissed all claims within the action over which it has original jurisdiction. 28 U.S.C.A. §1367(c)(3); *St. John*, 139 F.3d at 1216-17.  Here, Plaintiff brought claims under three statutes over which the district courts have original jurisdiction:  1) 42 U.S.C.A. § 1981; 2) 26 U.S.C.A. § 216; and 3) 18 U.S.C.A. §§ 1961-1964.  As discussed above, these claims shall be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *Smith v. Boyd*, 945 F.2d at 1042-43.   Thus, the Court has dismissed all claims over which it has original jurisdiction, satisfying the requirements of  § 1367(c)(3). *St. John*, 139 F.3d at 1216-17.  In light of this finding, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, and the case is hereby remanded to Hennepin County Court for further proceedings.

## IV.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Remand [#5] be **GRANTED**.

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for a More Definite Statement [#2] be **DENIED as moot**, and Plaintiff's Motion to Deny and Strike Motion for More Definite Statement [#7] be **DENIED as moot**. The Motion for a More Definite Statement and the responsive Motion to Deny and Strike the Motion for

a More Definite Statement are denied as moot in light of the Court's recommendation that the motion to remand be granted.

DATED: January 8, 2009           *s/ Franklin L. Noel*
                                 FRANKLIN L. NOEL
                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 28, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 28, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.